UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20394-CR-SEITZ/O'SULLIVAN

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ALBERTO DUNCAN,

       Defendant.
_____/

### ORDER OVERRULING OBJECTIONS AND ADOPTING R&R

THIS MATTER is before the Court on Defendant Duncan's Objections to the Magistrate Judge's July 2, 2008 Report and Recommendation (R&R) recommending a denial of Defendant's Motion to Suppress [DE 28 and 26]. Having reviewed the R&R, the transcript of the suppression hearing and the objections, the Court finds that the Magistrate Judge's factual findings are not clearly erroneous and he has properly applied the law to the facts. Therefore, the Court will overrule the objections and affirm the R&R.

The Defendant makes two objections. The first objection disputes the Magistrate Judge's factual finding that the Government's witness was more credible than the Defendant. Credibility findings are rarely disturbed because tone, demeanor and manner of answering are important factors in determining credibility. Notwithstanding this fact, the hearing transcript supports the Magistrate Judge's credibility determinations. The Defendant's testimony was consistent with that of Detective Borrego as to the calm discussion at the dining table about the requested consent to search, including the Detective's oral request, his reading out-loud of the written request and the Defendant's personal reading and signing of the written request in Spanish. The Defendant had three opportunities to refuse consent, but chose not to. The written consent form authorized a search without a warrant of the "entire area and contents of" the Defendant's house. Defendant's description of when and how the officers conducted the search has internal inconsistencies as well as is inconsistent with other evidence. Given those inconsistencies, plus the

Defendant's interest in the case and apparent ability to understand English though using a Spanish interpreter, the Magistrate Judge's credibility determinations are not clearly erroneous.

Defendant's second objection is that opening the false bottom of a Pyro Brake Parts Cleaner can found wedged under kitchen sink pipes was beyond the scope of the written consent. The essence of the Defendant's argument is that because the search was in Defendant's house, there is a heightened need for a warrant to search items that are not usual containers, and the false bottom can was not a container. Defendant has not provided any legal authority for his position. The simple fact that the can was designed with a false bottom, which when unscrewed allowed objects to be placed within and then screwed closed, makes the can a container. The false bottom can is analogous to a briefcase or suitcase. The can was unusual in its placement and the false bottom was apparently obvious to the police officers. The Defendant orally and in writing consented to a search of the contents of his house. In light of the totality of the circumstances, the Court concurs with the Magistrate Judge's application of the law to the facts, and finds that the consent to search the contents of the false bottom can was voluntarily given and not mere acquiescence to police authority. For these reasons, it is

ORDERED that Defendant's Objections are OVERRULED. And it is

FURTHER ORDERED that the July 2 Report and Recommendation is AFFIRMED, and ADOPTED as an order of this Court, and the Defendant's Motion to Suppress is DENIED.

DONE AND ORDERED in Miami, Florida, this 15th day of July, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
The Honorable John O'Sullivan
Counsel of Record